**BACKYARD NATURE PRODUCTS, INC., Plaintiff–Appellant,**

v.

**WOODLINK, LTD., Defendant–Appellee.**

No. 03–1054, 03–1055.

United States Court of Appeals, Federal Circuit.

Nov. 26, 2003.

Before MICHEL, DYK, and PROST, Circuit Judges.

PROST, Circuit Judge.

Backyard Nature Products, Inc. ("Backyard"), appeals the decision of the United States District Court for the Eastern District of Wisconsin granting Woodlink Ltd.'s ("Woodlink's") motions for summary judgment of non-infringement of U.S. Patent Nos. 5,927,231 and 6,095,087 ("the '231 patent" and "the '087 patent," respectively). Woodlink cross-appeals the district court's denial of summary judgment as to the invalidity of the '231 patent in light of U.S. Patent No. 5,269,255 issued to Finn. Because the district court properly construed the patent claims and correctly found no genuine issues of material fact on the question of infringement, and because the district court did not abuse its discretion in dismissing Woodlink's invalidity arguments as moot, we *affirm.*

## I. Background

Backyard sued Woodlink for infringement of the '231 and '087 patents. As to each patent, Woodlink filed a motion for summary judgment of non-infringement.

In granting the motion for summary judgment of non-infringement of the '231 patent, the district court first construed the patent claims and then compared them to the accused devices. Asserted independent claim 1 reads, with the disputed claim term underlined:

> 1. A bird feeder, comprising:
>
> a feed-containing body having at least a bottom and a side, and wherein at least a portion of the body comprises *mesh,* and wherein the body comprises a plurality of wood pieces, the wood pieces having grooves formed therein, and the mesh being inserted in the grooves.

'231 patent, col. 4, II. 2–8 (emphasis added). Woodlink argued "mesh" means "expanded mesh"; Backyard argued "mesh" means "non-woven, non-welded sheet material with a pattern of holes." Based on the intrinsic evidence, the district court construed "mesh" to mean "expanded mesh."

Applying the claims as construed, the district court found that Woodlink's birdfeeders could not literally infringe the asserted '231 patent claims because Woodlink used perforated mesh, not expanded mesh. The court further found that Backyard was estopped from arguing that Woodlink's birdfeeders infringe under the doctrine of equivalents because it surrendered coverage to all non-expanded mesh in prosecuting the patent claims. Since Woodlink's birdfeeders could not infringe the claims as construed, no issue of material fact remained and the court granted Woodlink's motion for summary judgment of non-infringement of the '231 patent.

With respect to the '087 patent, the district court granted Woodlink's motion for summary judgment of non-infringement, both literally and under the doctrine of equivalents. Again, in considering the motion, the district court first construed the

asserted claims of the '087 patent. The representative independent claim 1 provides in relevant part, with the disputed claim terms underlined:

1.   A bird feeder comprising:

a first wall portion defining a first vertical surface;

a second wall portion defining a second vertical surface;

a third wall portion defining a third vertical surface;

a fourth wall portion defining a fourth vertical surface;

said first, second, third and fourth vertical surfaces of said first, second, third and fourth wall portions, respectively, being assembled together to define a bird feed retaining portion of said bird feeder, . . .

. . .

an apertured floor member, said *apertured floor member* extending to said first, second, third, and fourth *vertical* surfaces . . .

'087 patent, col. 4, I. 60—col. 5, I. 32 (emphasis added). The district court found that the claim language "apertured floor member" requires at least one raised edge. Moreover, it construed "vertical" to require walls perpendicular to the bird-feeder's floor.

Based on its construction of the claims, the district court found that Woodlink's birdfeeders do not infringe Backyard's asserted patent claims, either literally or under the doctrine of equivalents. First, it found no issue as to literal infringement because Woodlink's birdfeeders have neither a removable apertured floor member nor vertical walls. Second, because an apertured floor member is not equivalent to a sheet, the court found no possible infringement under the doctrine of equivalents.

Backyard filed a timely appeal. Jurisdiction in this court is proper under 28 U.S.C. § 1295(a)(1).

## II.   Discussion

Determining patent infringement first requires claim construction followed by a comparison of the construed claims to the alleged infringing device. We review issues of claim construction *de novo*. In addition, summary judgment (as to infringement) is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We also review a grant of summary judgment *de novo*.

## A.   The '231 Patent

On appeal, Backyard challenges the district court's claim construction, arguing that "mesh" should be construed to mean "non-woven, non-welded sheet material with a pattern of holes." It argues that the intrinsic evidence supports its construction and that the doctrine of claim differentiation lends further support. Backyard also relies on the examiner's allowance of a non-statutory disclaimer. Finally, Woodlink cross appeals, arguing that the district court improperly denied its motion for summary judgment as to invalidity of the '231 patent in light of the Finn patent.

Based on the intrinsic evidence, we hold that the district court properly found the claim term "mesh" means "expanded mesh." As the district court noted, the term "mesh" alone is ambiguous. Indeed neither party argues for a broad construction without limitation. Thus, because the meaning of "mesh" is ambiguous, we look to the specification and the prosecution history.

■   In light of the specification, the term "mesh" should be construed as "ex-

panded mesh." As Woodlink properly points out, "expanded" modifies "mesh" eighteen times in the specification. Moreover, in a number of those instances that do not use "expanded" as a modifier for "mesh," the independent use of "mesh" simply refers back to the immediately prior reference, which *was* modified by "expanded." Beyond the sheer volume of references to "expanded mesh," the specification also suggests that the novelty of the invention resides in the use of expanded mesh. The specification particularly points out that expanded mesh does not require welding, weaving, or galvanizing. '231 patent, col. 1, II. 37–38. It also notes that using expanded mesh allows one to regulate the size of the openings during manufacture, facilitating customization to attract particular bird species. '231 patent, col. 1, II. 41–45.

As with the specification, the prosecution history suggests limiting the construction of "mesh" to "expanded mesh." In particular, the prosecution history repeatedly distinguishes between expanded and non-expanded mesh. These distinctions, discussed below in the context of determining whether Backyard should be estopped from arguing infringement under the doctrine of equivalents, all suggest construing "mesh" as "expanded mesh."

Further, we do not find support for Backyard's arguments regarding the doctrine of claim differentiation. Dependent claim 10 claims: "A bird feeder according to claim 1, wherein the mesh is expanded." As such, Backyard argues, the court should not read the "expanded" limitation into independent claim 1. As the district court correctly pointed out, however, the doctrine of claim differentiation only creates a *presumption* that claims cover dif-

ferent inventions. *Laitram Corp. v. Rexnord, Inc.,* 939 F.2d 1533, 1538 (Fed.Cir. 1991) (citing *Autogiro Co. of Am. v. United States,* 181 Ct.Cl. 55, 384 F.2d 391 (1967)). Here, the evidence favors limiting the construction of "mesh" to "expanded mesh," thereby overcoming the presumption.

Finally, based on the facts of this particular case, we do not rely on the patent examiner's allowance of a non-statutory, rather than a statutory, disclaimer to overcome a double-patenting rejection. We are not bound by what the examiner perceived to be the scope of the claim. Here, the parent application specifically claimed coverage of "expanded mesh" in the sole independent claim. *See* U.S. Pat. No. 5,826,539, col. 4, II. 8–15. The only change between the parent and continuation application was the removal of the term "expanded" modifying "mesh" in the independent claim. Otherwise, the Abstract, Specification, and Drawings are identical, focusing, as discussed above, on the use of "expanded mesh." Thus, based on the totality of the intrinsic evidence, we find that the term "mesh" must be construed as "expanded mesh."

Reviewing the grant of summary judgment of non-infringement *de novo,* we find no remaining issues of material fact based on the claim construction. Specifically, Woodlink does not literally infringe because it uses perforated mesh, not expanded mesh, in manufacturing its birdfeeders. As to infringement under the doctrine of equivalents, the district court properly applied the doctrine of prosecution history estoppel. The prosecution history contains a number of arguments that limit the range of equivalents.[1] First, in an affidavit submitted to the Patent and Trademark Office, the patentee favorably compared

---

1. Notably, the prosecution history referred to here (and used by the district court) relates to the parent application, App. No. 08/679,049, July 12, 1996, issued as U.S. Patent No. 5,826,539 on October 27, 1998. We use this earlier prosecution history because "[t]he prosecution history of a parent application may be considered in construing claim

his own "expanded mesh" feeders to those employing "non-expanded mesh." Second, the prosecuting attorney repeatedly distinguished the invention over prior-art, non-expanded-mesh feeders. Third, the patentee submitted tests illustrating the advantages of using expanded mesh over non-expanded mesh.

We deny Woodlink's cross-appeal. "[A] district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed.Cir.1998). Here, the district court dismissed Woodlink's counterclaim of invalidity as moot in its Order issued November 14, 2002. We find the district court did not abuse its discretion.

### B. The '087 Patent

On appeal, Backyard argues that the term "apertured floor member" does not require an upturned edge, but could cover a flat sheet. Backyard relies on both the intrinsic evidence and the doctrine of claim differentiation in making its argument.

■ As with the '231 patent, a *de novo* review of the district court's claim construction of "apertured floor member" reveals that it correctly found the claim language to require at least one upturned edge. First, the specification states that "the term 'apertured floor member' means a tray-like member" '087 patent, col. 3. II. 35–41. Moreover, the dictionary definitions of "tray" [2] imply something more

than a flat surface. Two of the four definitions used by the district court require a raised edge or rim, while the other two note the prevalence of this characteristic. Moreover, the specification states that a sheet "may be used for *forming* the apertured floor member." '087 patent, col. 2, II. 43–45 (emphasis added). By disclosing some kind of forming process performed on a flat sheet, the specification suggests that a simple, unformed sheet does not amount to a tray-like member. Finally, the drawings also illustrate an upturned edge. Thus, we affirm the district court's claim construction requiring an upturned edge.

Backyard further argues that the doctrine of claim differentiation precludes such a construction of "apertured floor member." Specifically, Backyard submits that we should not read in the limitation from dependent claim 3–"The bird feeder of claim 2, wherein the apertured floor member further comprises at least one upturned edge." '087 patent, col. 6, II. 25–26. We conclude that the presumption of claim differentiation is overcome here by the intrinsic evidence, which favors construing the "apertured floor member" as requiring at least one upturned edge.

Based on its claim construction with respect to the '087 patent, the district court correctly found no infringement, literally or under the doctrine of equivalents. Because Woodlink uses a flat sheet in all of its accused birdfeeders, and not a "tray" with at least one upturned edge, there is

---

terms." *Masco Corp. v. United States*, 303 F.3d 1316, 1324 (Fed.Cir.2002).

**2.** The district court used the following definitions of "tray" in construing the term:
1. "[A] shallow flat receptacle with a raised edge or rim." *American Heritage Dictionary* 1837 (4th ed.2000).
2. "[A] utensil of the form of a flat board with a raised rim." *Oxford English Dictionary* 1837 (2d ed.1989).

3. "[A] flat receptacle made of wood, metal, glass, plastic, etc., often with slightly raised edges." *Webster's New World College Dictionary* 1524 (4th ed.2001).
4. "[A] flat, shallow container or receptacle made of wood, metal, etc., usually with slightly raised edges." *Random House Dictionary* 2015 (2d ed.1987).

no literal infringement. In addition, as applied to the facts of this case, there is no equivalence; trays are not equivalent to sheets because they have a lip (which helps contain the contents) and increased rigidity (as a consequence of the bend).

Lacking the "apertured floor member" element, Woodlink's birdfeeders cannot infringe. Consequently, we need not address the "vertical" claim-construction issue.

### Conclusion

We affirm the district court's grant of summary judgment as to non-infringement of both the '231 and '087 patents. The district court properly construed the terms "mesh" and "apertured floor member" in the '231 and '087 patents, respectively. Based on its claim construction, no issues of material fact remained as to infringement. We affirm as to Woodlink's cross-appeal.